UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY GILBERT, on behalf of himself
and all others similarly situated,

                Plaintiffs,

v.

SERVOMATION REFRESHMENTS, INC. and
BRIAN BRUNO, individually and in his official role
as owner and officer of SERVOMATION
REFRESHMENTS, INC.

                Defendants.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**(JURY TRIAL DEMANDED)**

Civ. No.: _____

Plaintiff Anthony Gilbert ("Representative Plaintiff" or "Mr. Gilbert"), on behalf of himself and all others similarly-situated, and on behalf of the members of the proposed New York Rule 23 Class, by and through his attorneys, Law Offices of Pullano & Farrow PLLC, upon personal knowledge as to himself and upon information and belief as to other matters, for his Complaint against Defendants Servomation Refreshments, Inc. ("Servomation") and Brian Bruno ("Mr. Bruno") (Servomation and Mr. Bruno are collectively referred to herein as "Defendants"), alleges as follows:

## NATURE OF THE CASE

1. Representative Plaintiff brings this action against Defendants to recover unpaid overtime and other wages on behalf of himself and all other similarly-situated current and former employees of Defendants performing vending route van driver duties, who have not agreed to arbitrate employment claims against Defendants, and who have not waived their rights to proceed against Defendants as a member of a class and/or collective.

2. Representative Plaintiff brings this action on behalf of himself and the similarly-situated individuals, described above and defined herein, seeking monetary damages and affirmative relief pursuant to the Fair Labor Standard Act's collective action provision, 29 U.S.C. § 216(b), to redress Defendants' violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA").

3. In addition, Representative Plaintiff brings this action as a Rule 23 Class Action pursuant to the Federal Rules of Civil Procedure, on behalf of himself and the similarly-situated individuals, described above and defined herein, based on Defendants' violations of New York State Labor Law, §§ 190, *et seq.* and §§ 650, *et seq.* ("NYLL"), and the regulations thereto, including Title 12 of the New York Codes, Rules and Regulations ("NYCRR") §§ 142, *et seq.*

4. Defendants willfully engaged in a pattern, practice, and policy of unlawful conduct by classifying Representative Plaintiff and members of the prospective FLSA Collective and Rule 23 Class, who were employed by Defendants as Vending Route Drivers to drive vans to stock and restock customer vending machines, as exempt employees when the requirements of their job would classify them as non-exempt employees.

5. Defendants willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to pay Representative Plaintiff and members of the prospective FLSA Collective and Rule 23 Class the premium overtime rate of one and a half times their regularly hourly wage rate for all hours worked in excess of 40 hours per workweek, as required by the FLSA, NYLL, and NYCRR for non-exempt employees.

6. Additionally, Defendants willfully engaged in a pattern, practice, and policy of failing to pay individuals for spread of hours when their shifts exceeded ten (10) hours, as required by NYCRR.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over the claims of Representative Plaintiff brought under NYLL and NYCRR pursuant to 28 U.S.C. § 1367.

8. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question, 29 U.S.C. § 216 (b).

9. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391 as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims have occurred

10. Venue is proper in the Western District of New York because Defendants do business in the State of New York, within the Western District of New York.

## PARTIES

### A. Plaintiffs

*Representative Plaintiff, Anthony Gilbert*

11. Representative Plaintiff Anthony Gilbert is a resident of the State of New York, Monroe County.

12. At all relevant times, Mr. Gilbert was an "employee" within the meaning of the FLSA, 29 U.S.C § 203(e), and the NYLL § 190(2).

13. Defendants employed Mr. Gilbert as a Vending Route Driver from October 27, 2016 until October 23, 2017.

14. As a Vending Route Driver, Mr. Gilbert's duties included loading and unloading merchandise into a van, stocking and restocking vending machines, and inspecting vending machines.

15. Mr. Gilbert, as a Vending Route Driver, was a non-exempt employee within the meaning of the FLSA and NYLL, and therefore, entitled to overtime pay pursuant to both statutes.

16. Mr. Gilbert has consented in writing to be a Party Plaintiff, pursuant to 29 U.S.C. 216(b). Mr. Gilbert's consent form is attached hereto as **Exhibit A**.

### *Collective and Class Members*

17. The FLSA Collective and Rule 23 Class members are those current and former employees of Defendants, as defined herein, who were called "vending route driver" or performed similar functions but who may have different job titles and who worked in excess of forty hours in one or more work weeks but were not paid overtime at one and a half times their regular wage rate, as well as those current and former employees of Defendants who worked more than ten hours in a shift and were not paid the statutory spread of hours rate for doing so.

18. At all times relevant, Representative Plaintiff and the FLSA Collective and Rule 23 Class members were employees within the meaning of the FLSA, 29 U.S.C § 203(e), and the NYLL § 190(2).

### B. **Defendants**

### *Servomation Refreshments, Inc.*

19. At all relevant times, Defendant Servomation Refreshments, Inc. was a New York Corporation, duly existing pursuant to and by virtue of the laws of the State of New York, with its principal place of business at 7098 Mount Pleasant Road, Canastota, New York 13032.

20. At all relevant times, Defendant Servomation was a supplier of vending machines and the contents therein, using drivers to stock, restock and inspect its vending machines located throughout New York State.

21. At all relevant times, Defendant Servomation was an employer of Plaintiff within the meaning of the FLSA, 29 U.S.C § 203(d), and the NYLL § 190(3).

22. Upon information and belief, Defendants were engaged in interstate commerce within the meaning of the FLSA in that Defendants: (a) had and have employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (b) had and have an annual gross volume of sales of not less than $500,000.00.

23. As detailed below, Defendant Servomation employed Mr. Gilbert and the members of the prospective FLSA Collective and Rule 23 Class as vending route drivers, which the FLSA and NYLL classify as "covered" and "non-exempt."

24. Throughout both the Class and Collective periods, as defined herein, Defendant Servomation employed dozens of individuals with the title "Vending Route Driver," who, like Representative Plaintiff, were non-exempt employees pursuant to the FLSA and the NYLL, and who worked substantial overtime without receiving the overtime compensation or the spread of hours to which they were entitled, in violation of the FLSA, the NYLL and the supporting regulations.

***Individual Defendant, Brian Bruno***

25. Defendant Brian Bruno is the President and Chief Executive Office of Defendant Servomation.

26. Defendant Bruno is an "employer" within the meaning of the FLSA and NYLL, who was acting as such within the course and scope of the employer-employee relationship at all relevant times.

27. Defendant Bruno, at all relevant times, directly managed Defendant Servomation's day-to-day operations. For example, Defendant Bruno possessed the authority to hire and fire employees; implemented and supervised employees' work schedules; set employee pay rates; implemented and supervised Defendants' wage and hour practices affecting Defendants' employees; and maintained employee records, including payroll records.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Representative Plaintiff brings the First Cause of Action, for unpaid overtime, as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of himself and all similarly-situated persons who were, are, or will be employed by Defendants as Vending Route Driver, or similar positions, within three years from the commencement of this action who have not been paid overtime at a rate of one-and-one half times the regular wage rate for all work performed in excess of 40 hours per workweek.

29. This action may be brought and maintained as an "opt-in" collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), for all claims asserted by Representative Plaintiff because the claims of Mr. Gilbert are substantially similar to the claims of the FLSA Collective members.

30. At all relevant times, the Representative Plaintiff and the FLSA Collective members have had substantially similar job titles and perform or performed the same primary duties.

31. As part of its regular business practices, Defendants have intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the FLSA with respect to Representative Plaintiff and the FLSA Collective, as alleged herein, including, without limitation

   a. willfully failing to pay Representative Plaintiff and the FLSA Collective at the premium overtime rate for all hours worked beyond 40 per workweek; and

   b. willfully failing to record all of the time that Representative Plaintiff and the FLSA Collective have worked for the benefit of Defendants.

32. Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

33. The issuance of a court-supervised notice of this FLSA Collective Action and an opportunity to opt-in to this action would benefit these similarly-situated current and former employees who Defendants substantially and unlawfully underpaid, among other violations.

34. Members of the FLSA Collective are readily identifiable and should be easily located through Defendants' records.

35. Accordingly, notice should be sent to the FLSA Collective's members pursuant to the FLSA Section 16(b), 29 U.S.C. § 216(b).

## RULE 23 CLASS ACTION ALLEGATIONS

36. The Representative Plaintiff brings the Second and Third Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of individuals consisting of:

> All persons who are, have been or will be employed by Servomation within New York State in a position involving vending route driver duties, or other similar positions, who (a) worked overtime for Servomation but did not receive overtime compensation at a rate of

one and a half times their regular rate of pay for all hours worked in excess of 40 hours per workweek; (b) worked a single shift that exceeded 10 hours but did not receive spread of hours pay; and (c) were employed by Servomation between December 21, 2012 through the final disposition of this matter (the "Rule 23 Class").

37. Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who had a controlling interest in Servomation during the class period, and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

38. While the precise number of Rule 23 Class members is in the sole control of Defendants, upon information and belief, the size of the Rule 23 Class exceeds 40 members.

39. The Rule 23 Class members are so numerous so that joinder of all members is impracticable.

40. Defendants have acted or failed to act on grounds generally applicable to the Rule 23 Class, thereby making final injunctive and declaratory relief appropriate to the Rule 23 Class as a whole.

41. Individual actions could create inconsistent adjudications with respect to the individual members of the Rule 23 Class and would establish incompatible standards of conduct for the Defendants.

42. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions affecting only individual members, which include, but are not limited to, the following:

   a. whether Defendants violated the NYLL Article 6, §§ 190, *et seq.*, and the supporting NYCRR, as alleged herein;

   b. whether Defendants violated NYLL Article 19, §§ 650, *et seq.*, and the supporting NYCRR, alleged herein;

8

 c. whether Defendants failed to compensate Representative Plaintiff and the Rule 23 Class at the applicable overtime premium hourly wages rate for hours worked in excess of 40 hours per week, as required by NYLL Article 6 §§ 190, *et seq.*, NYLL Article 19, §§ 650, *et seq.*, and 12 NYCRR 142-2.2;

 d. whether Defendants failed to compensate Representative Plaintiff and the Rule 23 Class for spread of hours when said employees' shifts exceeded 10 hours, as required by 12 NYCRR 142-2.4;

 e. whether Defendants failed to keep true and accurate time and pay records for all hours worked by Representative Plaintiff and the Rule 23 Class, and other records required by NYLL;

 f. whether Defendants' policy or practice of failing to pay workers was instituted willfully or with reckless disregard of the law; and

 g. the nature and extent of class-wide injury and the appropriate measure of damages.

43. The claims of the Representative Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. The Representative Plaintiff and the Rule 23 Class work or have worked for Defendants as Vending Route Drivers, were inaccurately classified as exempt employees, performed work for Defendants' benefit, were not being paid overtime compensation at the premium rate of one and a half times their regular rate for hours worked in excess of 40 hours per week, and were not being compensated for spread of hours for working shifts in excess of 10 hours.

44. Representative Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Representative Plaintiff and the Rule 23 Class members have all been injured in that they have been

uncompensated or under-compensated due to Defendants' common policies, practices and patterns of conduct.

45. Mr. Gilbert, as the Representative Plaintiff, will fairly and adequately represent and protect the members of the Rule 23 Class. Mr. Gilbert, as the Representative Plaintiff, has retained counsel competent and experienced in employment and class action litigation.

46. A class action is superior to other available methods for the fair and efficient adjudication of this action. While the relative damages suffered by individual members of the Rule 23 Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant in order to recover their damages. Additionally, class certification is superior because it obviates the need for unduly duplicative litigation that not only imposes extra burden upon the courts, but also could result in inconsistent judgments regarding Defendants' practices.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

47. Defendant Servomation is in the business of supplying, stocking and restocking, and inspecting vending machines for clients throughout New York State.

48. Defendants hired Representative Plaintiff and members of the FLSA Collective and Rule 23 Class as Vending Route Drivers, or other similar positions, to, among other things, load, unload and drive a delivery van; stock, restock and service vending machines at various customer sites on pre-assigned routes designated by Defendants throughout New York State; and complete their designated routes each day.

49. Upon information and belief, Defendants improperly classified their Vending Route Drivers as "exempt," paid them on a salary basis, and did not compensation the vending

route drivers at the premium rate of one and a half times their regular rate for hours worked in excess of 40 hours per workweek and did not compensate them for spread of hours for working shifts in excess of 10 hours.

50. The FLSA's Motor Carrier Exemption is inapplicable to those persons employed by Defendants in the position of Vending Route Driver, or other similar positions, including Representative Plaintiff, the FLSA Collective and the Rule 23 Class, because, upon information and belief, they did not operate vehicles weighing more than 10,0000 pounds, among other facts.

## PLAINTIFF'S FACTUAL ALLEGATIONS

51. On or about October 27, 2016, Defendants employed Mr. Gilbert as a Vending Route Driver. Mr. Gilbert's duties included operating a Mercedes-Benz Sprinter van; loading products from Defendants' warehouse into a Sprinter van; driving to customer sites on a pre-assigned route designated by Defendants; and stocking, restocking and servicing vending machines at each customer site. Mr. Gilbert was terminated by Defendants on October 23, 2017.

52. Defendants classified Mr. Gilbert as "exempt" during his employment.

53. Defendants paid Mr. Gilbert a bi-weekly gross salary of $1,455 for 80 hours of work, which is equivalent to an hourly rate of $18.19 per hour and an overtime rate of $27.28 per hour.

54. Defendants repeatedly suffered or permitted Mr. Gilbert to work over 40 hours per workweek, up to a maximum of 55 hours per workweek.

55. Defendants did not pay Mr. Gilbert at the required overtime premium rate of one and a half times his regular rate for hours worked in excess of 40 hours per workweek.

56. Upon information and belief, Mr. Gilbert worked 461.07 hours of overtime between October 2016 and October 2017 and is owed approximately $12,577.99 in unpaid overtime.

57. Defendants did not pay Mr. Gilbert spread of hours for all shifts exceeding 10 hours.

58. Upon information and belief, Mr. Gilbert worked 122 days with a shift exceeding 10 hours between October 2016 and October 2017 and is owed approximately $1,158 in unpaid spread of hours compensation at the applicable New York minimum wage rate.

59. Upon information and belief, Defendants did not keep accurate records of hours worked by Mr. Gilbert.

60. Defendants' failure to pay overtime and spread of hours violated both the FLSA and the NYLL.

## FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
**(On behalf of Representative Plaintiff and the FLSA Collective)**

61. Representative Plaintiff on behalf of himself and the FLSA Collective repeats and realleges each of the above paragraphs as if fully restated herein.

62. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce within the meaning of the FLSA, 20 U.S.C. § 203, and have annual gross revenues in excess of $500,000.

63. The FLSA requires employers to pay non-exempt employees for overtime hours at a rate of one and a half times their regular hourly rate of pay for all hours worked in excess of 40 hours per workweek.

64. Defendants suffered, permitted, and required Representative Plaintiff and the FLSA Collective members to work more than 40 hours per workweek, but failed to compensate them at the overtime premium rate for those hours, in violation of the FLSA.

65. Defendants have failed to pay Representative Plaintiff and the FLSA Collective overtime wages at their applicable premium overtime rate for all of the hours that they worked in excess of 40 hours in a workweek.

66. The complete records concerning the number of hours worked by the Representative Plaintiff and the members of the FLSA Collective, as well as the compensation they received in workweeks in which they worked overtime, are in the exclusive possession, custody, and control of the Defendants, and as such, the Representative Plaintiff is unable to provide the exact amount due and owed to him and the FLSA Collective, but through Defendants' records, the amount can be ascertained.

67. Defendants' unlawful conduct described herein was willful, intentional and in bad faith. Defendants knew or should have known the practices described herein were illegal.

68. Because Defendants acted willfully in violating the FLSA, the statute of limitations is three years, pursuant to 29 U.S.C. § 255.

69. As a result of Defendants' violation of the FLSA, Representative Plaintiff and the FLSA Collective members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID OVERTIME
**(On behalf of Representative Plaintiff and the Rule 23 Class)**

70. Representative Plaintiff on behalf of himself and the Rule 23 Class repeats and realleges each of the above paragraphs as if fully restated herein.

71.     At all relevant times, Defendants employed Representative Plaintiff and the Rule 23 Class within the meaning of NYLL §§ 2, 190, and 651, and the supporting New York New York State Department of Labor regulations.

72.     The NYLL requires employers to pay non-exempt employees for overtime hours at a rate of one and a half times their regular hourly rate of pay for all hours worked in excess of 40 hours per workweek.

73.     Defendants suffered, permitted, and required Representative Plaintiff and the Rule 23 Class to work more than 40 hours per workweek, but failed to compensate them at the overtime premium rate for those hours, in violation of NYLL § 190.

74.     Defendants' failure to comply with the NYLL overtime requirements has caused Representative Plaintiff and the Rule 23 Class to suffer loss of wages and interest thereon.

75.     The complete records concerning the number of hours worked by Representative Plaintiff and the Rule 23 Class, as well as the compensation they received in workweeks that exceeded 40 hours, are in exclusive possession, custody, and control of Defendants. Accordingly, Representative Plaintiff is unable to state the exact amount of unpaid wages and overtime pay for which Defendants are liable to him and the Rule 23 Class, but the amount is ascertainable through Defendants' records.

76.     Defendants' unlawful conduct as described herein was willful, intentional, and in bad faith. Defendants knew or should have known the practices described herein were illegal.

77.     As a result of Defendants' violations of the NYLL, Representative Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW –SPREAD OF HOURS PAY
### (On Behalf of Representative Plaintiff and the Rule 23 Class)

78. Representative Plaintiff on behalf of himself and the Rule 23 Class repeats and realleges each of the above paragraphs as if fully restated herein.

79. At all relevant times, Defendants employed Representative Plaintiff and the Rule 23 Class within the meaning of NYLL §§ 2, 190, and 651, and the supporting New York State Department of Labor regulations.

80. Under 12 NYCRR § 142-2.4, an employee is entitled to one hour's pay at the basic minimum hourly wage rate for any day in which the spread of hours exceeds 10 hours.

81. Defendants suffered, permitted, and required Representative Plaintiff and the Rule 23 Class to work more than 10 hours per shift, but failed to compensate them at the applicable overtime rate for those hours, in violation of 12 NYCRR § 142-2.4.

82. The complete records concerning the number of hours worked by Representative Plaintiffs and the Rule 23 class, as well as the compensation they received for shifts exceeding 10 hours, are in exclusive possession, custody, and control of Defendants. Accordingly, Representative Plaintiff is unable to state the exact amount of unpaid wages and overtime pay for which Defendants are liable to him and the Rule 23 Class, but the amount is ascertainable through Defendants' records.

83. Defendants' failure to pay proper spread of hours wages was willful, intentional, and in bad faith. Defendants knew or should have known the practices described herein were illegal.

84. Due to Defendants' violations of the NYLL, Representative Plaintiff and the Rule 23 Class are entitled to recover from Defendants unpaid spread of hours wages, liquidated

damages, as provided for by NYLL Article 6 § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Representative Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

a. Accept jurisdiction over this matter;

b. Allow the Representative Plaintiff to issue notice of this collective action, or have the Court issue such notice, to all persons who are presently or have been, at any time during the six years immediately preceding the filing of this action and up to and including the date of this Court's issuance of court-supervised notice, employed by Defendants as Vending Route Drivers, or other similar positions, which informs them that this action has been filed, the nature of this action and their right to join the action if they believe they have not been compensated properly, including but not limited to, not receiving premium overtime wages for overtime worked;

c. Award Representative Plaintiff and the FLSA Collective unpaid wages and an equal amount in liquidated damages;

d. Certify this action as a class action pursuant to Fed. R. Civ. P. 23(b);

e. Designate Representative Plaintiff, Anthony Gilbert, as Representative of the Rule 23 Class, and his counsel of record as Class counsel;

f. Issue a declaratory judgment that the practices complained of herein are unlawful under NYLL Article 6 §§ 190 *et seq.* and Article 19 §§ 650, *et seq.*, and the supporting New York State Codes, Rules and Regulations;

g. Award Representative Plaintiff and the Rule 23 Class unpaid overtime wages and an equal amount in liquidated damages;

h. Award Representative Plaintiff and the Rule 23 Class unpaid spread-of-hours wages and an equal amount in liquidated damages;

i. Award pre-judgment and post-judgment interest;

j. Award reasonable attorneys' fees and costs of the action; and

k. Award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Representative Plaintiff demands a jury trial on all questions of fact raised by this Complaint.

Dated: December 21, 2018
      Rochester, New York

                              Respectfully Submitted,

By: _____
André L. Lindsay, Esq.
Langston D. McFadden. Esq.
**LAW OFFICES OF PULLANO & FARROW PLLC**
69 Cascade Drive, Suite 307
Rochester, New York 14614
(585) 730-4773 (telephone)
(888) 971-3736 (facsimile)
alindsay@lawpf.com
lmcfadden@lawpf.com

*Attorneys for Plaintiff and the Putative Class*

# EXHIBIT A

## CONSENT TO BECOME A PARTY PLAINTIFF

I certify that I am a current or former employee of **Servomation Refreshments, Inc.** and/or related entities and individuals. I consent to be a party plaintiff, including if appropriate a named or a representative plaintiff, in a lawsuit that is filed seeking payment of unpaid wages, including overtime wages, and related relief against **Servomation Refreshments, Inc.**, on behalf of myself and other former and current employees of the employer.

I hereby designate the Law Offices of Pullano & Farrow, PLLC to represent me in this action and make decisions on my behalf concerning the litigation and any settlement. I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 21st day of December 2018.

_Anthony Gilbert_
Signature

Anthony Gilbert
Full Legal Name (Print)